UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

EVELINA CALCANO, ON BEHALF OF
HERSELF AND ALL OTHER PERSONS
SIMILARLY SITUATED,

            Plaintiffs,

            v.

ALAMO DRAFTHOUSE CINEMAS, LLC,

            Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

:
:
:
:
:
:
:
:
:
:
:
:
:

ECF CASE

No.: 1:19-cv-11386-LGS

**FIRST AMENDED
CLASS ACTION COMPLAINT**

JURY TRIAL DEMANDED

## INTRODUCTION

1.     Plaintiff, EVELINA CALCANO, on behalf of herself and all others similarly situated, ("Plaintiff") asserts the following claims against Defendant, ALAMO DRAFTHOUSE CINEMAS, LLC, as follows.

2.     Plaintiff is a visually-impaired and legally blind person who requires Braille, which is a tactile writing system, to read written material. Plaintiff uses the terms "blind" or "visually-impaired" to refer to all people with visual impairments who meet the legal definition of blindness in that they have a visual acuity with correction of less than or equal to 20 x 200.

3.     Based on a 2010 U.S. Census Bureau report, approximately 8.1 million people in the United States are visually impaired, including 2.0 million who are blind, and according to the American Foundation for the Blind's 2015 report, approximately 400,000 visually impaired persons live in the State of New York[1].

---

[1] About 90% of blind or severely visually impaired people who are employed use Braille, according to the 2012 Report of the National Library Service for the Blind and Physically

4.      Plaintiff brings her civil rights action against ALAMO DRAFTHOUSE CINEMAS, LLC, ("Defendant" or "Alamo Drafthouse"), for its failure to sell pre-paid cash cards, colloquially referred as "store gift cards,"[2] to consumers that have auxiliary aids and services, such as writing in Braille, to be fully accessible to and independently usable by Plaintiff and other blind or visually-impaired people.

5.      Without an effective auxiliary aid for the physical cards, Plaintiff, and others similarly situated, cannot independently access the information contained thereon in order use the card like a sighted person.

6.      Plaintiff cannot independently complete a transaction on-line through a website or by phone with a customer service agent because certain details such as the unique card number (or PIN code) and other important information such as the terms cannot be independently identified due to a lack of auxiliary aids on the card.

7.      Without an auxiliary aid, such as Braille, on the physical cards, Plaintiff cannot independently access the information, like a sighted person, to make a purchase: (a) *in-store* because the card is not distinguishable from other cards and Plaintiff would  have to rely on the good will of strangers to pick the card out of their private bag or wallet or (b) *through a website or by phone* with a customer service agent because certain details  such

---

Handicapped. (source: https://www.goodmorningamerica.com/living/story/national-shortage-braille-teachers-situation-dire-66013086).

[2] "Store Gift Card" - An electronic promise, plastic card, or other device that is (i) redeemable at a single merchant or an affiliated group of merchants that share the same name, mark or logo; (ii) issued in a specified amount, whether or not that amount may be increased in value or reloaded at the request of the holder; (iii) purchased on a prepaid basis in exchange for payment; and (iv) honored upon presentation by such single merchant or affiliated group of merchants for goods or services. 15 U.S.C. 1693l-1(a)(2)(C)

as the unique card number and other important information such as the terms cannot be independently identified.

8.     The technology needed to provide appropriate accommodations such as braille exists and is neither difficult nor expensive to implement.

9.     Defendant's denial of full and equal access of its store gift cards to visually impaired persons, is a denial of its products and services offered to the general public in conjunction with its physical locations and therefore is a violation of Plaintiff's rights under the Americans with Disabilities Act ("ADA").

10.     Plaintiff seeks a permanent injunction to cause a change in Defendant's corporate policies, practices, and procedures so that Defendant's store gift cards will become and remain accessible to blind and visually-impaired consumers.

<u>JURISDICTION AND VENUE</u>

11.     The Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1331 and 42 U.S.C. § 12181, as Plaintiff's claims arise under Title III of the ADA, 42 U.S.C. § 12181, *et seq.*, and 28 U.S.C. § 1332.

12.     The Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's New York State Human Rights Law, N.Y. Exec. Law Article 15, ("NYSHRL") and New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 *et seq.*, ("NYCHRL") claims.

13.     Venue is proper in this district under 28 U.S.C. §1391(b)(1) and (2) because Defendant conducts and continues to conduct a substantial and significant amount of business in this District, Defendant is subject to personal jurisdiction in this District, and a substantial portion of the conduct complained of herein occurred in this District.

14.     Defendant is subject to personal jurisdiction in this District. Defendant has been and is committing the acts or omissions alleged herein in the Southern District of New York that caused injury, and violated rights the ADA prescribes to Plaintiff and to other blind and other visually impaired-consumers. A substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in this District: Plaintiff has been denied the full use and enjoyment of the facilities, goods, and services of Defendant's gift cards and therefore deter Plaintiff on a regular basis from visiting Defendant's brick-and mortar locations.

15.     Defendant has sold store gift cards, presently sells store gift cards and, upon information and belief, intends to continue selling store gift cards that are not accessible to blind and vision-impaired consumers; and, upon information and belief, does not plan to cease this discriminatory conduct.

16.     On November 11, 2019, the Plaintiff telephoned Defendant's customer service office in an attempt to purchase a store gift card from the Defendant and inquired if Defendant sold store gift cards containing Braille and was informed by Defendant's employee that Defendant does not sell store gift cards containing Braille, which is a barrier encountered by Plaintiff.

17.     During the call, the Defendant's employee did not offer any alternative auxiliary aids or services to the Plaintiff with respect to Defendant's gift cards.

18.     The Plaintiff could not locate accessible store gift cards to purchase from the Defendant because they are not offered by the Defendant.

19.     Upon information and belief, Defendant does not offer auxiliary aids with respect to the gift cards.

20.     Due to the lack of auxiliary aids for Defendant's gift cards, Plaintiffcannot

-4-

ascertain information about the gift card, like the balance, the gift card's terms and conditions of use, or even be able to distinguish Defendant's branded gift cards from others in the same manner as non-blind persons.

21.     Plaintiff has been a customer at Defendant's theaters on prior occasions and intends to immediately purchase at least one store gift card from the Defendant as soon as the Defendant sells store gift cards that are accessible to the blind and utilize it at Defendant's theater.

22.     Defendant has failed to provide visually impaired patrons with the particular level of services available to non-disabled patrons. Accordingly, Defendant has violated the non-discrimination mandate of the ADA.

23.     The Court is empowered to issue a declaratory judgment under 28 U.S.C. §§2201 and 2202.

<u>THE PARTIES</u>

24.      Plaintiff, at all relevant times, is a resident of New York, New York. Plaintiff is a blind, visually-impaired handicapped person and a member of member of a protected class of individuals under the ADA, under 42 U.S.C. § 12102(1)-(2), and the regulations implementing the ADA set forth at 28 CFR §§ 36.101 *et seq*., the NYSHRL and NYCHRL. Plaintiff is proficient in reading Braille.

25.     Plaintiff resides on Fort Washington Avenue, New York, NY, nearby Defendant's theater at 445 Albee Square West, Brooklyn, NY.

26.     Defendant, ALAMO DRAFTHOUSE CINEMAS, LLC, is and was, at all relevant times herein, a Texas limited liability company with its principal executive offices in Austin, Texas. Defendant owns, operates and/or controls Alamo Drafthouse theaters in the City and State of New York and throughout the world. Defendant is doing business in the State of New York. Alamo Drafthouse owns, operates and/or controls multiple theater locations in the State of New York and is one of the largest theater chains in the world.

27.     Defendant owns, operates and/or controls Alamo Drafthouse theaters across the United States, as well as its website located at www.drafthouse.com. Several of these theaters are located in the Southern District of New York, and in close proximity to Plaintiffs residence. These theaters constitute places of public accommodation. Defendant's theaters provide to the public important goods and services.

28.     Defendant's locations, including its website, are places of public accommodation within the definition of Title III of the ADA, 42 U.S.C. § 12181(7). Defendant's theater gift cards are a service, privilege, or advantage of Defendant's theaters.

29.     Defendant places its "closed-loop[4]" gift cards into the stream of commerce, to entice customers to patronize Defendant's locations.

30.     The Defendant's theater gift card is treated like cash and is an alternative method of payment that may be used to make a purchase of goods and services.

<u>THE STORE GIFT CARD MARKET</u>

---

[4] Closed-Loop" gifts card are accepted only at a specified merchant or affiliated merchants.

31.     According to industry surveys, sales of store gift cards was about $400 billion in 2019 and grows annually at 10%[5]. The survey also found that 65% of gift card recipients spent 38% more than the face value of the card and 73.4% of adults purchased at least 1 gift card for holiday shopping.[6]

32.     Store gift cards, also referred to as pre-paid cash cards, substantially increase revenue for merchants because they foster communication, brand loyalty, increase sales and consumers often spend more money than the amount of the store gift cards.

33.     Gift cards allow consumers to choose their own purchase privately and consumers use them for their own budgetary reasons as well as an alternative to carrying around cash for security reasons.

34.     The gift cards, a cash like product, is covered by the ADA and therefore required to be accessible like the U.S. Currency. Specifically, the U.S. Treasury is ordered to "to design and issue paper currency that is readily distinguishable to blind and visually impaired individuals."[7]

35.     Store gift cards almost always are the same size and texture as credit cards, debit cards, insurance cards and ID cards and therefore are indistinguishable by a blind person from one another[8].Gift cards are statutorily regulated and have mandatory disclosure requirements. Federal[9] and New York State[10] statutes require that gift cards

---

[5] https://www.mageplaza.com/blog/gift-card-statistics.html
[6] *Id.*
[7] *American Council of the Blind v. Paulson, Sect. of the Treasury,* 463 F. 2d 51 (USDC DC, 2006), *aff'd* 525 F. 3d 1256 (USCA DC Cir.)
[8] Upon information and belief, there is only one gift card on the market that contains Braille and it is issued by Starbucks
[9] 15 U.S.C. 16931-1, 12 C.F.R. 1005.15, 1005.20 (c)(4), 1005.20 (f)
[10] NY GBL § 396-i

"clearly and conspicuously" post certain terms and conditions on them, prior to purchase such as expiration dates, fees, and a toll-free telephone number.

36.    The "clear and conspicuous" posting requirements of terms and conditions mandated by statute is designed to protect consumers pursuant to applicable state and federal gift card laws.

36.    Defendant's gift cards, or their packaging, do not contain Braille or any other auxiliary aid for effective communication and therefore a blind or vision-impaired consumer must rely upon the help of a sighted person in purchasing the gift card, accessing it and redeeming it, especially when a blind consumer is not in the Defendant's location.

37.    The addition of Braille would restore the dignity to blind persons and also help prevent fraud or errors to these vulnerable members of our society.

<u>STATEMENT OF FACTS</u>

<u>Defendant's Barriers On Its Store Gift Cards</u>

38.    Defendant owns, operates and/or controls its theaters, sells pre-paid cash cards, colloquially referred to as store gift cards, to the public, that are intertwined with their physical locations and used as an alternative method of payment with communications thereon. One or more of its theaters is located in New York City. Defendant's theaters constitute places of public accommodation.

39.    It is, upon information and belief, Defendant's policy and practice to deny Plaintiff, along with other blind or visually-impaired users, access to Defendant's store gift cards due to the lack of auxiliary aids, and to therefore specifically deny the goods and services that are offered and integrated with Defendant's theaters.

40.    Due to Defendant's failure and refusal to remove access barriers to its store gift cards, Plaintiff and visually-impaired persons have been and are still being denied equal access to Defendant's theaters and the numerous goods, services, and benefits offered to the public through the Defendant's store gift cards.

41.    The Defendant's failure to provide an auxiliary aid and/or service to blind or vision-impaired consumers to provide an effective means of communication of terms and conditions on the gift cards constitutes a violation of the ADA.

<u>Defendant Must Remove Barriers On Its Store Gift Cards</u>

42.    Due to the inaccessibility of Defendant's store gift cards, which are intertwined with their physical locations and website, blind and visually-impaired customers such as Plaintiff, cannot fully and equally use or enjoy the Defendants facilities, goods, and services Defendant offers to the public at its theaters.

43.    The access barriers Plaintiff encountered have caused and continue to cause a denial of Plaintiff's full and equal access, and now deter Plaintiff on a regular basis from purchasing, accessing, and utilizing the store gift cards.

44.    The barriers encountered have further deterred Plaintiff from visiting Defendant's physical locations, and enjoying them equally as sighted individuals because Plaintiff was unable to purchase an accessible gift card that provides meaningful access to the material information printed thereon which a non-visually impaired person can access independently.

45.    Plaintiff intends to immediately go purchase an accessible store gift card issued by the Defendant, with suitable auxiliary aids and services for effective

communication, as soon as they become available to be used independently, as sighted individuals do.

46.    If the store gift cards were equally accessible, Plaintiff could independently purchase the store gift cards, distinguish them from other cards, ascertain the terms and conditions, the unique identification number, and remaining balance on the gift card as sighted individuals do.

47.    Plaintiff has actual knowledge of the access barriers that make these services inaccessible and independently unusable by blind and visually-impaired people.

48.    Plaintiff alleges that Defendant has engaged in acts of intentional discrimination by not implementing simple and inexpensive auxiliary aids for store gift cards, including but not limited to the following policies or practices:

a.    Developing marketing and selling store gift cards that are inaccessible to visually-impaired individuals; and/or

b.    Failure to sell store gift cards that are not sufficiently intuitive so as to be equally accessible to visually-impaired individuals; and/or

c.    Failing to take actions to correct these access barriers in the face of substantial harm and discrimination to blind and visually-impaired consumers, such as Plaintiff, as a member of a protected class; and/or

d.    Failure to offer suitable auxiliary aids and services to ensure effective communication to blind and vision-impaired individuals, including Plaintiff with respect to Defendant's gift cards; and/or

     e.     Failure to train Defendant's employees with the proper methods of assisting blind and visually-impaired customers with regards to its gift cards and auxiliary aids.

49.     Defendant therefore uses standards, criteria or methods of administration that have the effect of discriminating or perpetuating the discrimination of others, as alleged herein.

50.     Title III of the ADA requires that public accommodations provide "appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities." 28 C.F.R. § 36.303(c); *see also* 42 U.S.C. § 12182(b)(2)(A)(iii).

51.     Defendant discriminates on the basis of disability because they fail to afford individuals who are visually impaired with the same ability to independently access the goods and services provided to others, thus failing to ensure effective communication with its visually impaired customers during transactions for its goods and services.

52.     The regulation sets forth numerous examples of "auxiliary aids and services", including, without limitation, "Brailled materials and displays..." 28 C.F.R. § 36.303(b)(2).

53.     In addition to the general nondiscrimination mandate, Title III prohibits public accommodations from engaging in specific types of discrimination, including the failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated, or otherwise treated differently because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, services, facility,

privilege, advantage, or accommodation being offered or would result in an undue

burden. 42 U.S.C. § 12182(b)(2)(A)(iii); *see also* 28 C.F.R. § 36.303(a).

54.     The ADA expressly contemplates the injunctive relief that Plaintiff seeks in

this action. In relevant part, the ADA requires:

> In the case of violations of . . . this title, injunctive relief shall include an order to
> alter facilities to make such facilities readily accessible to and usable by individuals
> with disabilities . . . **Where appropriate, injunctive relief shall also include
> requiring the provision of an auxiliary aid or service,** (emphasis added) . . .
> modification of a policy . . .           42 U.S.C. § 12188(a)(2)

> Nothing in this section shall require a person with disability to engage in a futile
> gesture if such person has actual notice that a person or organization … does not
> intend to comply with its provisions.              42 U.S.C. § 12188(a)(1)

55.     Because Defendant's store gift cards have never been equally accessible,

and because Defendant lacks a corporate policy that is reasonably calculated to cause its

store gift cards to become and remain accessible, Plaintiff invokes 42 U.S.C. § 12188(a)(2)

and seeks a permanent injunction requiring Defendant to design, implement, distribute and

sell store gift cards integrated with the Defendant's theaters that are accessible to blind and

vision-impaired individuals that may include Braille writing that identifies the name of the

merchant and the denomination of the gift card (if the gift card has a specified

denomination) and additionally convey other pertinent and statutorily required information

contained on all of Defendant's store gift cards such as terms of use, expiration dates, fees,

a toll-free telephone number, ability to ascertain gift card balance, etc.

56.     If the store gift cards were accessible, Plaintiff and similarly situated blind

and visually-impaired people could independently utilize them.

57.     Although Defendant may currently have centralized policies regarding its

store gift cards, Defendant lacks a plan and policy reasonably calculated to make them fully

and equally accessible to, and independently usable by, blind and other visually-impaired consumers.

58.    Defendant has, upon information and belief, invested substantial sums in marketing and selling its store gift cards and has generated significant revenue from the store gift cards. These amounts are far greater than the associated cost of making its store gift cards equally accessible to visually impaired customers.

59.    Without injunctive relief, Plaintiff and other visually-impaired consumers will continue to be unable to independently use the store gift cards, violating their rights.

<u>CLASS ACTION ALLEGATIONS</u>

60.    Plaintiff, on behalf of herself and all others similarly situated, seeks to certify a nationwide class under Fed. R. Civ. P. 23(a) and 23(b)(2): all legally blind individuals in the United States who would like to purchase accessible store gift cards from the Defendant and as a result have been denied access to the equal enjoyment of goods and services offered in Defendant's physical locations, during the relevant statutory period.

61.    Plaintiff, on behalf of herself and all others similarly situated, seeks to certify a New York State subclass under Fed. R. Civ. P. 23(a) and 23(b)(2): all legally blind individuals in the State of New York who would like to purchase accessible store gift cards from the Defendant and as a result have been denied access to the equal enjoyment of goods and services offered in Defendant's physical locations, during the relevant statutory period.

62.    Plaintiff, on behalf of herself and all others similarly situated, seeks to certify a New York City subclass under Fed. R. Civ. P. 23(a) and 23(b)(2): all legally blind individuals in the City of New York who would like to purchase accessible store gift cards

from the Defendant and as a result have been denied access to the equal enjoyment of goods and services offered in Defendant's physical locations, during the relevant statutory period.

63.     Common questions of law and fact exist amongst Class, including:

        a.     Whether Defendant's store gift cards are a "public accommodation" under the ADA;

        b.     Whether Defendant's store gift cards are a "place or provider of public accommodation" under the NYSHRL or NYCHRL;

        c.     Whether Defendant's store gift cards deny the full and equal enjoyment of its goods, services, facilities, privileges, advantages, or accommodations to people with visual disabilities, violating the ADA; and

        d.     Whether Defendant's store gift cards deny the full and equal enjoyment of its goods, services, facilities, privileges, advantages, or accommodations to people with visual disabilities, violating the NYSHRL or NYCHRL.

64.     Plaintiff's claims are typical of the Class. The Class, similarly to the Plaintiff, are severely visually impaired or otherwise blind, and claim that Defendant has violated the ADA, NYSHRL or NYCHRL by failing to update or remove access barriers on its store gift cards so they and Defendant's physical locations can be independently accessible to the Class.

65.     Plaintiff will fairly and adequately represent and protect the interests of the Class Members because Plaintiff has retained and is represented by counsel competent and experienced in complex class action litigation as well as ADA litigation, and because Plaintiff has no interests antagonistic to the Class Members. Class certification of the claims is appropriate under Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused

to act on grounds generally applicable to the Class, making appropriate both declaratory and injunctive relief with respect to Plaintiff and the Class as a whole.

66.     Alternatively, class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because fact and legal questions common to Class Members predominate over questions affecting only individual Class Members, and because a class action is superior to other available methods for the fair and efficient adjudication of their litigation.

67.     Judicial economy will be served by maintaining their lawsuit as a class action in that it is likely to avoid the burden that would be otherwise placed upon the judicial system by the filing of numerous similar suits by people with visual disabilities throughout the United States.

<u>FIRST CAUSE OF ACTION</u>
VIOLATIONS OF THE ADA, 42 U.S.C. § 12181 *et seq.*

68.      Plaintiff, on behalf of herself and the Class Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

69.     Section 302(a) of Title III of the ADA, 42 U.S.C. § 12101 *et seq.*, provides:

No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C. § 12182(a).

70.     Defendant's theaters are places of public accommodation within the definition of Title III of the ADA, 42 U.S.C. § 12181(7). Defendant's store gift cards are a service, privilege, or advantage of Defendant's theaters. The store gift cards are a service that is integrated with these locations.

71.     Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals or a class of individuals with disabilities the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity. 42 U.S.C. § 12182(b)(1)(A)(i).

72.     Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals or a class of individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodation, which is equal to the opportunities afforded to other individuals. 42 U.S.C. § 12182(b)(1)(A)(ii).

73.     Under Section 302(b)(2) of Title III of the ADA, unlawful discrimination also includes, among other things:

> [A] failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations; and a failure to take such steps as may be necessary to ensure that **no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services** (emphasis added), unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden.

42 U.S.C. § 12182(b)(2)(A)(ii)-(iii).

**"Auxiliary aids and services" includes Brailled materials and displays. 28 CFR 36.303 (b)(2). "[I]n order to be effective, auxiliary aids and services must be provided**

**in accessible formats, in a timely manner, and in such a way to protect the privacy and independence of the individual with a disability. 28 CFR 36.303 (c)(ii).**[11]

74.      The acts alleged herein constitute violations of Title III of the ADA, and the regulations promulgated thereunder. Plaintiff, who is a member of a protected class of persons under the ADA, has a physical disability that substantially limits the major life activity of sight within the meaning of 42 U.S.C. §§ 12102(1)(A)-(2)(A). Furthermore, Plaintiff has been denied full and equal access to the store gift cards, has not been provided services that are provided to other patrons who are not disabled, and has been provided services that are inferior to the services provided to non-disabled sighted persons. Defendant has failed to take any prompt and equitable steps to remedy its discriminatory conduct. These violations are ongoing.

75.      Under 42 U.S.C. § 12188(a) and the remedies, procedures, and rights set forth and incorporated therein, Plaintiff, requests relief as set forth below.

SECOND CAUSE OF ACTION
VIOLATIONS OF THE NYSHRL

76.      Plaintiff, on behalf of herself and the New York State Sub-Class Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

77.      N.Y. Exec. Law § 296(2)(a) provides that it is "an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation . . . because of the . . . disability of any

---

[11] *See*, *New v. Lucky Brand Dungarees Stores, Inc.*, 14-cv-02054, SDFL, Statement of Interest of the United States of America at pg. 7. "Indeed, there are many instances where the Department has found physical and communication barriers not specifically identified in its regulations or the ADA Standards to be covered under title III."

person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof."

78.     Defendant's physical locations are located in the State of New York and constitute places of public accommodation within the definition of N.Y. Exec. Law § 292(9). Defendant's store gift cards are a service, privilege or advantage of Defendant. Defendant's store gift cards are a service that is by and integrated with Defendant's physical locations.

79.     Defendant is subject to New York Human Rights Law because it owns, operates and/or controls its physical locations and sells its store gift cards. Defendant is a person within the meaning of N.Y. Exec. Law § 292(1).

80.     Defendant is violating N.Y. Exec. Law § 296(2)(a) in refusing to update or remove access barriers to its store gift cards, causing its store gift cards and the services integrated with Defendant's physical locations to be completely inaccessible to the blind. Their inaccessibility denies blind patrons full and equal access to the facilities, goods and services that Defendant makes available to the non-disabled public.

81.     Under N.Y. Exec. Law § 296(2)(c)(i), unlawful discriminatory practice includes, among other things, "a refusal to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford facilities, privileges, advantages or accommodations to individuals with disabilities, unless such person can demonstrate that making such modifications would fundamentally alter the nature of such facilities, privileges, advantages or accommodations being offered or would result in an undue burden."

82.     Under N.Y. Exec. Law § 296(2)(c)(ii), unlawful discriminatory practice also includes, "a refusal to take such steps as may be necessary to ensure that no individual with a disability is excluded or denied services because of the absence of auxiliary aids and services, unless such person can demonstrate that taking such steps would fundamentally alter the nature of the facility, privilege, advantage or accommodation being offered or would result in an undue burden."

83.     Readily available manufacturing and/or printing capabilities exist for making store gift cards accessible to the blind and visually impaired. The addition to store gift cards of Braille on the gift card would neither fundamentally alter the nature of Defendant's business nor result in an undue burden to Defendant.

84.     Defendant's actions constitute willful intentional discrimination against the class on the basis of a disability in violation of the NYSHRL, N.Y. Exec. Law § 296(2) in that Defendant is:

a.      Developing, marketing and selling store gift cards that are inaccessible to blind class members with knowledge of the discrimination; and/or

b.      Failing to sell store gift cards that are not sufficiently intuitive and/or obvious and that are inaccessible to blind class members; and/or

c.      Failing to take actions to correct these access barriers in the face of substantial harm and discrimination to blind class members, and/or

d.      Failure to offer suitable auxiliary aids and services to ensure effective communication to blind and vision-impaired individuals, including Plaintiff with respect to Defendant's gift cards; and/or

e.      Failure to train Defendant's employees with the proper methods of assisting blind and visually-impaired customers with regards to its gift cards.

85.      Defendant has failed to take any prompt and equitable steps to remedy their discriminatory conduct. These violations are ongoing.

86.      Defendant discriminates, and will continue in the future to discriminate against Plaintiff and New York State Sub-Class Members on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, accommodations and/or opportunities of Defendant's store gift cards and its physical locations under § 296(2) *et seq.* and/or its implementing regulations. Unless the Court enjoins Defendant from continuing to engage in these unlawful practices, Plaintiff and the Sub-Class Members will continue to suffer irreparable harm.

87.      Defendant's actions were and are in violation of New York State Human Rights Law and therefore Plaintiff invokes her right to injunctive relief to remedy the discrimination.

88.      Plaintiff is also entitled to compensatory damages, as well as civil penalties and fines under N.Y. Exec. Law § 297(4)(c) *et seq*. for each and every offense.

89.      Plaintiff is also entitled to reasonable attorneys' fees and costs.

90.      Under N.Y. Exec. Law § 297 and the remedies, procedures, and rights set forth and incorporated therein Plaintiff prays for judgment as set forth below.

### THIRD CAUSE OF ACTION
### VIOLATIONS OF THE NYCHRL

91.      Plaintiff, on behalf of herself and the New York City Sub-Class Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

92.     N.Y.C. Administrative Code § 8-107(4)(a) provides that "It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place or provider of public accommodation, because of . . . disability . . . directly or indirectly, to refuse, withhold from or deny to such person, any of the accommodations, advantages, facilities or privileges thereof."

93.     Defendant's locations are places of public accommodation within the definition of N.Y.C. Admin. Code § 8-102(9), and its store gift cards are a service that is integrated with its establishments.

94.     Defendant is subject to NYCHRL because it owns, operates and/or controls its physical locations in the City of New York and its store gift cards, making it a person within the meaning of N.Y.C. Admin. Code § 8-102(1).

95.     Defendant is violating N.Y.C. Administrative Code § 8-107(4)(a) in refusing to update or remove access barriers to its store gift cards, causing its store gift cards and the services integrated with its physical locations to be completely inaccessible to the blind. The inaccessibility denies blind patrons full and equal access to the facilities, goods, and services that Defendant makes available to the non-disabled public.

96.     Defendant is required to "make reasonable accommodation to the needs of persons with disabilities . . . any person prohibited by the provisions of [§ 8-107 *et seq.*] from discriminating on the basis of disability shall make reasonable accommodation to enable a person with a disability to . . . enjoy the right or rights in question provided that the disability is known or should have been known by the covered entity." N.Y.C. Admin. Code § 8-107(15)(a).

97.     Defendant's actions constitute willful intentional discrimination against the Sub-Class on the basis of a disability in violation of the N.Y.C. Administrative Code § 8-107(4)(a) and § 8-107(15)(a) in that Defendant is:

       a.     developing, marketing and selling store gift cards that are inaccessible to blind class members with knowledge of the discrimination; and/or

       b.     failing to sell store gift cards that are sufficiently intuitive and/or obvious and that is inaccessible to blind class members; and/or

       c.     failing to take actions to correct these access barriers in the face of substantial harm and discrimination to blind class members; and/or

       d.     Failure to offer suitable auxiliary aids and services to ensure effective communication to blind and vision-impaired individuals, including Plaintiff with respect to Defendant's gift cards; and/or

       e.     Failure to train Defendant's employees with the proper methods of assisting blind and visually-impaired customers with regards to its gift cards.

98.     Defendant has failed to take any prompt and equitable steps to remedy their discriminatory conduct. These violations are ongoing.

99.     As such, Defendant discriminates, and will continue in the future to discriminate against Plaintiff and members of the proposed class and subclass on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, accommodations and/or opportunities of its store gift cards and its establishments under § 8-107(4)(a) and/or its implementing regulations. Unless the Court enjoins Defendant from continuing to engage in these unlawful practices, Plaintiff and members of the class will continue to suffer irreparable harm.

100.     Defendant's actions were and are in violation of the NYCHRL and therefore Plaintiff invokes her right to injunctive relief to remedy the discrimination.

101.     Plaintiff is also entitled to compensatory damages, as well as civil penalties and fines under N.Y.C. Administrative Code § 8-120(8) and § 8-126(a) for each offense as well as punitive damages pursuant to § 8-502.

102.     Plaintiff is also entitled to reasonable attorneys' fees and costs.

103.     Under N.Y.C. Administrative Code § 8-120 and § 8-126 and the remedies, procedures, and rights set forth and incorporated therein Plaintiff prays for judgment as set forth below.

## FOURTH CAUSE OF ACTION
## DECLARATORY RELIEF

104.     Plaintiff, on behalf of herself and the Class and New York State and City Sub-Classes Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

105.     An actual controversy has arisen and now exists between the parties in that Plaintiff contends, Defendant's store gift cards contain access barriers denying blind customers the full and equal access to the goods, services and facilities of its store gift cards and by extension its physical locations, which Defendant owns, operates and controls, and fails to comply with applicable laws including, but not limited to, Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12182, *et seq.*, N.Y. Exec. Law § 296, *et seq.*, and N.Y.C. Admin. Code § 8-107, *et seq.* prohibiting discrimination against the blind.

106.     A judicial declaration is necessary and appropriate at this time in order that each of the parties may know their respective rights and duties and act accordingly.

## PRAYER FOR RELIEF

-23-

WHEREFORE, Plaintiff respectfully requests the Court grant the following relief:

a.      A preliminary and permanent injunction to prohibit Defendant from violating the Americans with Disabilities Act, 42 U.S.C. §§ 12182, *et seq.,* N.Y. Exec. Law § 296, *et seq.,* N.Y.C. Administrative Code § 8-107, *et seq.,* and the laws of New York;

b.      A preliminary and permanent injunction requiring Defendant to take all the steps necessary to make its store gift cards into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that the store gift cards are readily accessible to and usable by blind individuals;

c.      A declaration that Defendant markets, distributes and sells store gift cards in a manner that discriminates against the blind and which fails to provide access for persons with disabilities as required by Americans with Disabilities Act, 42 U.S.C. §§ 12182, *et seq.,* N.Y. Exec. Law § 296, *et seq.,* N.Y.C. Administrative Code § 8-107, *et seq.,* and the laws of New York

d.      An order certifying the Class and Sub-Classes under Fed. R. Civ. P. 23(a) & (b)(2) and/or (b)(3), appointing Plaintiff as Class Representative, and her attorneys as Class Counsel;

e.      Compensatory damages in an amount to be determined by proof, including all applicable statutory and punitive damages and fines, to Plaintiff and the proposed class and subclasses for violations of their civil rights under New York State Human Rights Law and City Law;

f.      Pre- and post-judgment interest;

g.      An award of costs and expenses of the action together with reasonable attorneys' and expert fees; and

h.      Such other and further relief as this Court deems just and proper.

<u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all questions

of fact the Complaint raises.

Dated: New York, New York
         February 7, 2020

Jeffrey M. Gottlieb (JG-7905)
Dana L. Gottlieb (DG-6151)
GOTTLIEB & ASSOCIATES
150 East 18th Street, Suite PHR
New York, New York 10003
Tel: 212.228.9795
Fax:212.982.6284
Jeffrey @Gottlieb.legal
